Sherman, PJ.
This is an action in contract to recover G.L.c. 90, §34M Personal Injury Protection (“PIP”) benefits under a motor vehicle insurance policy issued to the plaintiff by defendant Metropolitan Property and Liability Insurance Company (“Metropolitan”). The plaintiff has appealed the allowance of Metropolitan’s Dist./ Mun. Cts. R. Civ. R, Rule 56 motion for summary judgment.
The pleadings, affidavits and other Rule 56 materials submitted by the parties indicate the following: On November 10, 1992, the plaintiff sustained bodily injuries when a motor vehicle owned by him, and in which he was riding as a passenger, was involved in an accident. The plaintiff incurred medical expenses for the treatment of such injuries in the total amount of $3,042.00, and submitted a claim for G.L.c. 90, §34M PIP benefits to Metropolitan, his motor vehicle insurer.
At the time of the accident, the plaintiff was insured under a group health insurance policy issued by the Willis Corroon Corporation of New Hampshire (“Cor-roon”). Because of the plaintiff’s health insurance coverage, Metropolitan paid only tire first $2,000.00 of the plaintiff’s $3,042.00 medical bills pursuant to that portion of G.L.c. 90, §34A which states:
[Pjersonal injury protection provisions shall not provide for payment of more than two thousand dollars of expenses incurred ... if, and to the extent that, such expenses have been or will be compensated, paid or indemnified pursuant to any policy of health, sickness or disability insurance or any contract or agreement of any group,... to provide, pay for or reimburse the cost of medical, hospital, dental or other health care services.
The plaintiff thereafter submitted the $1,042.00 balance of his medical bills to his health insurance carrier, Corroon. The group policy issued by Corroon granted subrogation rights to the insurer, and further required the insured “to execute and deliver all necessary instruments as the third-party administrator may require to facilitate the enforcement” of such subrogation rights. In accordance with such provision, Corroon agreed to pay the $1,042.00 balance of the plaintiff’s medical expenses upon the plaintiff’s execution of a “Third Party Recovery Reimbursement Agreement.”
The plaintiff refused, however, to sign this or any subrogation agreement, and instead sought and obtained from Corroon a statement that the health insurer would be unable to provide medical benefits because of the plaintiff’s refusal to comply with the terms of his health insurance policy. The plaintiff then forwarded the Corroon statement to Metropolitan with a renewed PIP claim for his $1,042.00 medical bill balance. Upon Metropolitan’s refusal to pay any PIP benefits in excess of the original $2,000.00 payment, the plaintiff commenced this action.
*114 Both parties filed cross-motions for summary judgment. In support of its Rule 56 motion, Metropolitan submitted the affidavit of a Corroon claims adjuster which stated, in relevant part:
Vun Im has been denied payment for his medical bills ... only because he refused to sign the subrogation agreement required by the policy.
If Vun Im at this time signs said subrogation agreement, he will be afforded coverage under the policy for his claim.
The trial court denied the plaintiffs Rule 56 motion, and entered summary judgment in Metropolitan’s favor upon the allowance of its motion.
1. All material facts in this case are undisputed, and the plaintiffs claim is dependent solely upon a construction of unambiguous statutory language and insurance contract provisions which presented only questions of law for the trial court. See generally, Attorney General v. Bailey, 386 Mass. 367, 371 (1982) (statutes); Cody v. Connecticut General Life Ins. Co., 387 Mass. 142, 146 (1982) (insurance policy); Jefferson Ins. Co. of N.Y. v. Holyoke, 23 Mass. App. Ct. 472, 475 (1987) (insurance policy). Summary judgment was, therefore, the appropriate procedural vehicle for a resolution of the parties’ controversy. Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976).
2. Pursuant to G.L.c. 90, §34A, the plaintiff could recover PIP benefits in excess of $2,000.00 from Metropolitan only if the plaintiff were not entitled to coverage for the balance of his medical bills under any health insurance policy or plan. It was thus incumbent upon the plaintiff to establish that Corroon had not and would not compensate or reimburse him for the $1,042.00 in medical expenses at issue. On the basis of the record before us, the plaintiff has unquestionably failed to satisfy this burden.
It is undisputed that the Corroon health insurance plan provided coverage to the plaintiff for medical expenses incurred in the treatment of those injuries he sustained in the motor vehicle accident, and that Corroon was at all relevant times prepared and willing to pay the plaintiff’s medical expenses upon his compliance with the terms of his health insurance policy. The plaintiff’s refusal to execute a subrogation agreement as required by such policy simply delayed, postponed or constituted a deliberately created obstacle to Corroon’s provision of health insurance benefits. Section 34A of G.L.c. 90 cannot be rationally construed as requiring an automobile insurance carrier to pay PIP benefits in excess of $2,000.00 to an insured who has unilaterally frustrated his receipt of otherwise available health insurance benefits by an intentional breach of his medical insurance policy.
The comprehensive statutory scheme for motor vehicle insurance in this Commonwealth which is set forth in G.L.c. 90, §§34A-34Q was enacted not only to create an inexpensive procedure for obtaining full compensation for injuries sustained in automobile accidents, but also to control the skyrocketing costs of automobile insurance in this State. Flanagan v. Liberty Mut. Ins. Co., 383 Mass. 195, 198 (1981); Chipman v. Massachusetts Bay Transp. Auth., 366 Mass. 253, 255 n.3 (1974). Section 34A of G.L.c. 90 codifies both the Legislature’s recognition that available health insurance reduces the costs of automobile insurance by eliminating the need for additional PIP coverage, and the Legislature’s mandate that an insured utilize existing health insurance benefits for medical expenses which exceed the statutory $2,000.00 limit on an automobile insurer’s PIP liability. This statutorily prescribed insurance allocation for medical expenses arising out of an automobile accident precludes any right of election by an insured between medical benefits available under PIP coverage or a health insurance policy. To permit the plaintiff herein to prevent receipt of available health insurance benefits and to recover instead insurance proceeds from his automobile insurance carrier would contravene both the letter and intent of G.L.c. 90, §34A.
*115 3. In seeking insurance reimbursement for his medical expenses, the plaintiff was obligated to cooperate and deal in good faith with both Corroon and Metropolitan, see generally, Sorenson v. Sorenson, 369 Mass. 350, 364 (1975); Williams v. Traveler’s Ins. Co., 330 Mass. 476, 479 (1953), to comply with the provisions of his insurance policies, and to proceed in accordance with applicable law. The plaintiff has failed to discharge these duties and to demonstrate that he was, in any way, contractually or statutorily entitled to recover against Metropolitan herein.
Accordingly, we affirm the trial court’s denial of the plaintiffs Rule 56 motion, its allowance of Metropolitan’s motion and its entry of summary judgment in favor of Metropolitan.
There being no error, the report is dismissed.