The plaintiff-appellant, Ralph Dominguez [hereinafter referred to as “operator”], was injured in an automobile accident on March 23,1994, while operating a motor vehicle owned by his mother and insured by the defendant-appellee automobile liability insurer, Liberty Mutual Insurance Company [hereinafter referred to as “insurer”] under a standard Massachusetts automobile policy. As a result of the accident, the operator incurred medical expenses totalling $3,295. Upon the operator’s claim to the insurer for Personal Injury Protection (“PIP”) benefits, the latter timely paid the $2,000 in medical expenses it was obligated to under General Laws Chapter 90, Sections 34A and 34M.
*51 The insurer refused to pay an additional charge of $785 from a Robert Pennell, M.D., for an MRI, because the $2,000 ceiling had been reached and the operator had not yet sought payment of the bill from his health maintenance organization (“HMO”), Harvard Community Health Plan [hereinafter referred to as “HCHP”], according to the PIP statutory scheme.[1] HCHP denied the claim, however, because Dr. Pennell was not an authorized provider under its plan. When the operator’s renewed claim against the insurer for payment of the $795 bill again was rejected, the instant action for breach of contract and violations of General Laws Chapters 93A and 176D ensued.
Upon cross-motions for summary judgment, the trial court allowed the insurer’s motion, citing the holding in Vun Im v. Metropolitan Property and Liability Insurance Company, 1994 Mass. App. Div. 113 (1994), aff’d, 39 Mass. App. Ct. 1118 (1995). The operator has appealed the summary judgment entered against him, arguing that the trial court’s ruling violated his equal protection rights and misinterpreted both the Vun Im holding and General Laws Chapter 90, Sections 34A and 34M. We disagree.
The so-called “no fault” law has survived many years of equal protection scrutiny and been found generally to bear a rational relation to a legitimate legislative purpose. See Pinnick v. Cleary, 360 Mass. 1, 27-31 (1971); Flanagan v. Liberty Mutual Insurance Company, 383 Mass. 195, 198 (1981). Nevertheless, the operator claims that he is being treated unfairly as an HMO subscriber, who, unlike an uninsured or non-HMO-affiliated motor vehicle accident victim, cannot obtain reimbursement from his PIP carrier for the services of a provider not approved by his HMO; this legislative classification, the operator argues, violates his federal and state equal protection rights.
If a statutory classification has some justifiable, rational basis, it does not violate the equal protection clauses of either the Fourteenth Amendment to the United States Constitution or art. 1 of the Massachusetts Declaration of Rights, as amended by art. 106 of the Amendments.[2] Tarin v. Commissioner of the Division of Medical Assistance, 424 Mass. 743 (1997). Opinion of the Justices, 423 Mass. 1201, 1232 (1996). “A classification having some reasonable basis does not offend ... merely because it is not made with mathematical nicety or because in practice it results in some inequality.” Lexington v. Govenar, 295 Mass. 31, 36 (1936), citing Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 78 (1911). See Pinnick v. Cleary, supra at 30.
One of the clear purposes of the “no fault” statute is to allocate the risk of automobile accident-related medical expenses between motor vehicle liability insurers and health care insurers. After the motor vehicle liability insurer pays or reimburses the claimant for an initial $2,000 in out-of-pocket medical costs, the claim *52 ant’s health, sickness, or disability insurer must pay the balance of the $8,000 PIP coverage limit.3 G.L.c. 90, sec. 34A. This statutorily prescribed availability of health insurance to pay for excess automobile accident costs serves to reduce the ever-increasing cost of automobile insurance in Massachusetts, see Flanagan v. Liberty Mutual Insurance Company, supra; Chipman v. Massachusetts Bay Transportation Authority, 366 Mass. 253, 255 n.3 (1974), a legitimate public purpose.
In return for the protections afforded by this state’s comprehensive automobile insurance scheme, its citizens surrender certain rights. Pinnick v. Cleary, supra at 6. For example, the statute precludes any right of election by an insured between medical benefits available under PIP coverage or health/sickness/disability coverage. G.L.c. 90, sec. 34A.[4] Vun Im v. Metropolitan Property and Liability Insurance Company, supra at 114. In the same vein, automobile accident victims, like the operator here, have no right to receive from their PIP carriers a benefit which they were not entitled to receive from their health insurance carriers. See id.
In seeking the services of a provider not authorized by his HMO, the operator intentionally and knowingly breached the provisions of his medical insurance policy. In doing so, he frustrated the availability of existing health insurance benefits and, thereby, derogated the coordination of benefits provisions of the no-fault statute. ‘To permit [the operator] herein to prevent receipt of available health insurance benefits and to recover instead insurance proceeds from his automobile insurance carrier would contravene both the letter and intent of G.L.c. 90, sec. 34A.” Id. The trial court correctly applied the Vun Im holding to the instant action. and found the operator unentitled to recover against the insurer.
Accordingly, we affirm the trial court’s denial of the operator’s summary judgment motion, its allowance of the insurer’s motion, and its entry of summary judgment in favor of the insurer.
The appeal is dismissed.

 The operator’s claim that the insurer is seeking to impose managed care limitations in its coverage without the approval of the Division of Insurance is baseless and belied by the fact that the insurer, in paying $1,990 to Dr. Pennell, a provider not authorized by HCHP, provided the operator with more benefits than his own HMO would have.

 The operator contends that his alleged fundamental right of access to the courts was infringed by the insurer’s limitation on the physician/expert witness of his choice, thereby warranting a “strict scrutiny” standard of review. Such an argument is without merit. First, PIP coverage does not extend to anyone’s expert witness costs at trial. Moreover, nothing in the statute prevents the operator from calling his own treating physician at trial or hiring, at his own expense, any expert witness of his choosing. The operator’s access to the courts was not implicated in the case at bar.

 The operator’s contention that the statute broadly proscribes the interference “in any way with the claimant’s choice of physician or course of medical treatment” is an error borne of taking that phrase out of context; it applies only to a subsection relative to a PIP insurer’s option of paying the cost of an unwilling or unable insured’s health care or disability coverage. G.L.c. 90, sec. 34A

 The operator’s reliance upon language (“Additional medical-related expenses not covered by the health insurer would be paid by the PIP carrier up to $8,000”) in the recent case of Creswell v. Medical West Community Health Plan, Inc., 419 Mass. 327, 330 (1995), is misplaced. His MRI was a risk that was “covered,” i.e., “insure [d] against,” Webster’s New International Dictionary (2d ed.) , by his health insurer; it was the payment, not the coverage, of the claim that was denied by HCHP (because he breached the policy in seeking treatment outside the plan).