Merrigan, J.
This is an appeal by defendant Commerce Insurance Company pursuant to Mass. Dist./Mun. Cts. ¿AD.A, Rule 8A from the allowance of the plaintiff Debra Lyn Labbe’s motion for summary judgment and from the denial of its cross motion for summary judgment.
The circumstances giving rise to this case are as follows: In seeking treatment for injuries sustained in an auto accident, Labbe was treated outside of her Fallon health care network. She presented the medical bills for these treatments for reimbursement to Commerce from the second tier of the Personal Injury Protection (PIP) benefit (the $2000 to $8000) as an insured under a standard automobile *252 insurance contract "with Commerce. Commerce denied reimbursement because all treatments were from providers outside of Labbe’s own health care provider network. Labbe filed suit against Commerce alleging breach of contract. The trial judge allowed Labbe’s motion for summary judgment and denied Commerce’s motion for summary judgment.
The trial judge heard this case before the decision of the Supreme Judicial Court in Dominguez v. Liberty Mutual Insurance Company, 429 Mass. 112 (1999). The facts and legal issues are essentially the same as presented in Dominguez. Accordingly, we reverse the allowance of the motion for summary judgment. Further, on remand, we order that partial summary judgment enter in favor of Commerce to the extent of bills for services that were available under the Fallon health plan. However, any reasonable amounts for necessary medical services not available under the Fallon health plan are payable from the second tier of PIP in accordance with our decision Rivera v. Trust Insurance Company, 1999 Mass. App. Div. (September 10, 1999).[1]

 At oral argument, counsel for Labbe contended that Dominguez was not completely dispositive of all issues. Although not briefed, he asserted that Labbe was entitled to attorney’s fees because suit was nevertheless necessitated, Dominguez notwithstanding, to collect reimbursement from the second tier of PIP for medical bills not covered under the Fallon plan, i.e., copays, coinsurance amounts, treatment visits above the plan limit, etc., see Rivera v. Trust Insurance Company, supra. However, the record indicates the following: First, Labbe never presented a specifically framed request to Commerce that it reimburse for specific amounts not covered under the Fallon plan such as co-pays, coinsurance, etc., and second, when Commerce denied payment for services obtained outside the Fallon plan that were available to Labbe under the Fallon plan by its January 9,1998 letter to plaintiff’s counsel, Commerce nevertheless offered to process payments for “any unpaid balances” where “the health carrier covers less than 100% of the additional medical bills.” Labbe never availed herself of Commerce’s offer to cover any unpaid balances for bills incurred above or beyond the Fallon plan. As such, because payment of such bills was not requested, payment was not denied by Commerce, and suit was not necessary to obtain reimbursement. We, therefore, do not think that plaintiff’s counsel is entitled to attorney’s fees or costs pursuant to G.L.c. 90, §34M.