Coven, J.
This is a G.L.c. 94, §34M action to recover Personal Injury Protection (“PIP”) benefits. Summary judgment was entered for the plaintiff, and the defendant-insurer has appealed pursuant to Dist./Mun. Cts. R. A. D. A., Rule 8A.
On July 15, 1998, plaintiff Mikhail Khudisman sustained injuries in a motor vehicle accident while driving his wife’s car, which was insured by defendant CNA Insurance Company (“CNA”). The plaintiff incurred medical expenses in the total amount of $3,970.00 for treatment provided by Broadway Chiropractic (“Broadway”), and properly submitted a PIP claim with supporting medical bills and records to CNA. As part of his PIP claim, the plaintiff completed a “Health Benefits Affidavit” form provided by CNA[1] in which he indicated that he had medical insurance under a “Harvard Community Health Plan” (“Harvard”). He also executed a written authorization for release of his health insurance information to CNA.
CNA paid the initial $1,120.00 in bills submitted by the plaintiff. On January 8, 1999, plaintiffs counsel forwarded the remaining bills to CNA with a letter requesting payment of the $2,850.00 balance then owed to Broadway. The letter also restated the information previously supplied to CNA as to the plaintiffs health insurance and policy number, advised that the plaintiffs Harvard medical plan did not include chiropractic treatment benefits, and listed a Harvard telephone number for CNA’s use in confirming the lack of medical insurance for the bills submitted. CNA paid an additional $880.00 to the plaintiff, leaving a balance of $1,970.00 in unreimbursed medical expenses. On January 28,1999, a CNA claims representative named Mary Hettman (“Hettman”) notified plaintiffs counsel that any medical bills in excess of the initial $2,000.00 PIP ceiling had to be submitted to the plaintiffs health insurer, and that any denials of claims by that insurer had to be copied to her.
In accordance with Hettman’s letter, the plaintiffs medical provider, Broadway, submitted a claim to Harvard and received the expected denial of coverage in an unsigned form letter dated February 16, 1999. The plaintiff filed an affidavit by a Broadway employee, Donna Gilmore (“Gilmore”), who attested that she personally filed the plaintiffs claim with Harvard, received Harvard’s denial of coverage and duly forwarded the denial to Hettman on March 24,1999 with a request for CNA’s payment of the plaintiffs PIP claim. Gilmore further averred that she documented these actions with appropriate chronological entries on the office ledger sheet for the plaintiffs account. Attached to Gilmore’s affidavit was a copy of the account sheet showing that Harvard’s denial of coverage had been sent to CNA on March 24,1999. CNA made no *218 additional PIP payments, and this action was commenced on June 9,1999.
Relying exclusively on Dominguez v. Liberty Mut. Ins. Co., 429 Mass. 112 (1999), CNA filed a motion for summary judgment on the sole ground that the plaintiff had refused to submit his medical bills to his health insurer and had thus failed “to coordinate benefits” under his health and automobile insurance policies as required by G.L.c. 90, §34A.[2] CNA’s motion was supported by nothing more than Hettman’s hearsay, and patently erroneous, averment that the plaintiff had refused to file a claim with Harvard as indicated in plaintiffs counsel’s letter of January 8, 1999. Contrary to Hettman’s averment, however, that letter did not state that the plaintiff had not submitted, or would not file, a claim with Harvard for his medical expenses.
The plaintiff responded with a cross-motion for summary judgment motion supported by the Gilmore affidavit described above, and by the plaintiffs own affidavit asserting that his Harvard plan did not provide chiropractic care. CNA thereafter filed a supplemental Hettman affidavit which stated only that, to the best of her knowledge, she had not received a denial of coverage from Harvard.
After hearing, the trial court denied CNA’s Mass. R. Civ. P., Rule 56, motion, ordered summaiy judgment for the plaintiff in the amount of $1,970.00, plus interest, costs and attorney’s fees.
There was no error.
1. The comprehensive statutory scheme for motor vehicle insurance in this Commonwealth, which is set forth in G.L.c. 90, §§34A34Q, “was enacted not only to provide an inexpensive and uncomplicated procedure for obtaining compensation for injuries sustained in automobile accidents, but also to control the costs of compulsory automobile insurance.” Dominguez v. Liberty Mut. Ins. Co., supra at 115. See also Flanagan v. Liberty Mut. Ins. Co., 383 Mass. 195, 198 (1981); Chipman v. Massachusetts Bay Transp. Auth., 366 Mass. 253, 259 (1974). CNA relies in this case on that portion of G.L.c. 90, §34A which limits an automobile insurance carrier’s liability for PIP payments to $2,000.00 where the PIP claimant has health insurance benefits which cover additional medical expenses. Section 34A provides, in pertinent part:
[Pjersonal injury protection provisions shall not provide for payment of more than two thousand dollars of expenses incurred within two years from the date of the accident for medical... services... if, and to the extent that, such expenses have been or will be compensated, paid or indemnified pursuant to any policy of health, sickness or disability insurance of any contract or agreement of any group... to provide, pay for or reimburse the cost of medical, hospital, dental or other health care services.
This statutory provision “codifies both the Legislature’s recognition that available health insurance reduces the costs of automobile insurance by eliminating the need for additional PIP coverage, and the Legislature’s mandate that an insured utilize existing health insurance benefits for medical expenses which exceed the statutory $2,000.00 limit....” Im v. Metropolitan Prop. & Liab. Ins. Co., 1994 Mass. App. Div. 113, 114, aff'd 39 Mass. App. Ct. 1118 (1995). See also Dominguez v. Liberty Mut. Ins. Co., supra at 115. The statute does not, however, deprive a claimant of additional PIP benefits up to a maximum of $8,000.00 for unpaid medical expenses when health insurance benefits are unavailable.
CNA’s reliance in its summary judgment motion on this Division’s 1994 decision *219 in Im v. Metropolitan Prop. & Liab. Ins. Co., supra and the Supreme Judicial Court’s 1999 opinion in Dominguez v. Liberty Mut. Ins. Co., supra, is misplaced as those cases are inapposite. In Im, the plaintiff deliberately prevented full and immediate payment of his medical bills by his health insurer by refusing to sign a subrogation agreement required by the terms of his health insurance policy. We stated:
The plaintiffs refusal ... simply delayed, postponed or constituted a deliberately created obstacle to Corroon’s provision of health insurance benefits. Section 34A of G.L.c. 90 cannot be rationally construed as requiring an automobile insurance carrier to pay PIP benefits in excess of $2,000.00 to an insured who has unilaterally frustrated his receipt of otherwise available health insurance benefits by an intentional breach of his medical insurance policy.
Id. at 114. The plaintiff in Dominguez elected to forego readily available medical services by his health maintenance organization and to receive instead the same treatment by a physician who was not an authorized provider under his health plan. The Court held that by ignoring his existing health insurance benefits, the plaintiff attempted to shift the cost of his medical expenses to his PIP carrier in derogation of the Legislative policy underlying G.L.c. 90, §34A to limit the costs of automobile insurance in this Commonwealth. Id. at 116.
In the instant case, the plaintiffs Rule 56 affidavits were sufficient to satisfy his burden, see Im, supra at 114, of demonstrating that no health insurance benefits were available for the medical expenses he incurred for the treatment provided by Broadway, and that he was thus entitled as a matter of law to recover additional PIP payments in excess of the initial $2,000.00 paid by CNA. Specifically, the affidavits indicated that the plaintiffs Harvard medical plan did not include chiropractic care, that through Broadway and at CNA’s direction, he nevertheless filed a claim for reimbursement by Harvard, that his claim was denied, and that Harvard’s denial of coverage was forwarded to CNA. Although CNA complained in oral argument that the plaintiffs affidavits and attachments, including the Harvard denial notice, were hearsay, it conceded that it failed to move to strike the affidavits. The motion judge was thus free to consider them in their entirety in deciding the parties’ summary judgment motions. Madsen v. Erwin, 395 Mass. 715, 721 (1985); Wooster v. Abdow Corp., 46 Mass. App. Ct. 665, 666 (1999). He obviously did so. CNA failed to respond to the plaintiffs summary judgment motion with any competent evidence of specific facts, see Torres v. Commissioner of Correction, 427 Mass. 611, 614 (1998); Bergendahl v. Massachusetts Elec. Co., 45 Mass. App. Ct. 715, 718 (1998), suggesting the existence of a genuine triable issue as to whether the plaintiffs Harvard health plan provided chiropractic services or benefits,[3] or whether the plaintiff had failed in any way to “coordinate benefits” *220 under G.L.c. 90, §34A.[4]
2. CNA argues that there remains a genuine issue of material fact as to its receipt of a copy of Harvard’s denial of the plaintiffs medical expense claim. In support of its argument, however, CNA offered nothing more than Hettman’s supplemental averment that “to the best of her knowledge,” she “never received a denial from Harvard Community Health Plan stating that it did not cover the services provided to the plaintiff.” The affidavit does not deny, or address, receipt from Broadway of a copy of Harvard’s coverage denial. Moreover, affidavits made on “information and belief’ are to be disregarded in ruling on summary judgment motions. White v. University of Mass. at Boston, 410 Mass. 553, 558 (1991); TLT Construction Corp. v. Anthony Tappe Assoc., Inc., 48 Mass. App. Ct. 1, 11 (1999). Missing from the Hettman affidavit were some supporting, specific facts necessary to demonstrate that her qualified statement “to the best of her knowledge” was actually based on her personal knowledge, rather than on mere information and belief. See Orix Credit Alliance, Inc. v. LeGallo, 1994 Mass. App. Div. 131, 132. There was no averment, e.g., that she personally handled the plaintiffs claim, or that she examined his case records to verify that no Harvard denial was in his claims file. In short, the affidavit was insufficient to defeat a Rule 56 disposition of this case.
Accordingly, the allowance of the plaintiffs motion for summary judgment is affirmed. The plaintiffs motion for appellate attorney’s fees pursuant to G.L.c. 90, §34M is allowed, see Yorke Mgm. v. Castro, 406 Mass. 17, 19 (1989), and we authorize the trial judge to make that assessment. Costs of this appeal are also awarded to the plaintiff in an amount to be calculated by the trial court clerk pursuant to Dist./Mun. Cts. R. A. D. A., Rule 26.
Appeal dismissed.
So ordered.

 CNA’s form states: “In accordance with Chapter 273 of the Acts of 1988, we are now required to obtain information regarding other health benefits ... available to you before your claim can be processed for Personal Injury Protection Benefits....”

 CNA has never contested the medical necessity of the treatment provided by Broadway, or the reasonable amounts charged for its services. In the absence of health insurance benefits, CNA was thus obligated, as the PIP carrier, to pay the full amount of the bills at issue herein.

 Reiterated throughout CNA’s brief is the unsubstantiated assertion that it had no duty of any kind, at any point, to ascertain or investigate the extent of the plaintiffs health insurance coverage. It is unnecessary to address the obvious inconsistency of this position with the insurer’s general statutory duly to conduct a reasonable investigation of any claim it does not allow, see G.Lc. 171D, §3(9) (d); orto underscore the needless risk of litigation costs inherent in the position if, as in this case, the insurer is held to have violated its statutory obligation to pay $8,000.00 in PEP benefits for reasonable medical expenses not covered by health insurance. Creswell v. Medical West Community Health Plan, Inc., 419 Mass. 327, 330 (1995). As a practical matter, the critical flaw in CNA’s contention in this case is that it was before the trial court on cross motions for summary judgment CNA was obligated under Rule 56 to oppose the plaintiffs affirmative showing of an absence of health insurance benefits with specific, contrary facts. It neglected to do so.

 CNA suggests in its brief on this appeal that some of the specific treatments provided by Broadway, such as hot or cold pack therapy, are also provided by physical therapists whose services might be covered by the plaintiffs Harvard health plan, or that Harvard might have offered “out-of-network coverage” for some of the services received by the plaintiff at Broadway. Such unsubstantiated, conclusory assertions amounted to little more than conjecture and surmise and would have been insufficient to defeat the plaintiffs summary judgment motion even if they had been advanced in the trial court. See Hicks v. Brox Indus., 47 Mass. App. Ct. 103, 106 (1999); Commonwealth v. Colonial Motor Sales, Inc., 11 Mass. App. Ct. 800, 806 (1981). The record indicates they were not. Our review of an order for summary judgment is confined to the issues and facts presented to the motion judge. See Cullen Enterprises, Inc. v. Massachusetts Prop. Ins. Underwriting Assn., 399 Mass. 886, 889-890 n.9 (1987); Fidelity Mgm. & Research Co. v. Ostrander, 40 Mass. App. Ct. 195, 200 (1996).