Wheatley, EJ.
On October 24,1999, Juan Tavares, while operating an automobile insured by the defendant, Arnica Mutual Insurance Co. (“Arnica”), was involved in an automobile accident Tavares’ policy was a standard Massachusetts automobile policy and provided him with Personal Injury Protection (“PIP”). At the time of the accident, Tavares was also insured by a BlueCross BlueShield health policy, which did not provide coverage for chiropractic treatment Immediately following the accident, Tavares was treated by staff at an emergency room and, thereafter, exclusively by the plaintiff, Jordan Arbit, P.C. (“Arbit”), a chiropractor. Tavares did not seek treatment from any medical provider whose charges for services would have been covered by his health insurer. Under an assignment-of-benefits form executed by Tavares, Arnica, in accordance with G.L.c. 90, §§34A-34Q, paid $2,000 in PEP benefits due under Tavares’ polity directly to Arbit Arnica has, however, refused to pay the charges for Arbitfs services in excess of $2,000, for which excess Arbit has sued. The trial court denied Arnica’s motion for summary judgment and allowed Arbitfs cross-motion for summary judgment This is an expedited appeal by Arnica, filed pursuant to Dist/Mun. Cts. R A D. A, Rule 8A
The issue of law presented to us for review is whether an automobile insurance company is obligated to make payment in excess of $2,000 in PIP benefits to an insured who, although covered generálly by a health insurance policy at the time *132 of the accident, chose a course of treatment not within the coverage of his health insurance policy. The defendant argues that, where the insured has a health insurance policy and does not avail himself of the services provided by that policy, G.L.c. 90, §34A, et seq., relieves them of obligation to pay more than the $2,000 in PEP benefits.[1] We disagree and dismiss the appeal.
By the filing of cross motions for summary judgment and this expedited appeal, the parties tacitly agree that there is no genuine material issue of fact As such, the issue of the correctness of the rulings on the motions for summary judgment is properly before us and will be determinative of the case. Emmanuel v. The Children’s Hospital, 2001 Mass. App. Div. 65; Cassasso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); and Mass. R. Civ. P., Rule 56.
G.L.c. 90, §34M provides, generally, for the payment of PIP benefits of up to $8,000 under every motor vehicle liability policy in lieu of damages otherwise recoverable by the injured person in Massachusetts auto tort cases. This amount can be reduced under the last paragraph of §34A,[2] to a minimum of $2,000, “... to the extent that, such [$8,000 of] expenses have been or will be compensated, paid or indemnified pursuant to any policy of health... on any... corporation to provide, pay for or reimburse the cost of medical, hospital, dental or other health care services.” Tavares had purchased, prior to the accident, a BlueCross BlueShield policy which did not provide for chiropractic treatment He was not obligated to do differently If he had had no health insurance, there would be no controversy in this case. The issue arises because he had health insurance, but it did not provide coverage for chiropractic treatment
The appellant relies principally on the case Dominguez v. Liberty Mutual Insurance Company, 429 Mass. 112 (1999). In Dominguez, the plaintiff, who had a health policy, incurred in excess of $2,000 of medical bills. The insurance company paid the first $2,000, but, because Dominguez had sought treatment from a physician who was not an authorized provider under his health policy, refused to pay the excess. There were authorized physicians, but Dominguez simply chose to go to one of his own choice outside the network. The Court in upholding the company’s refusal to pay the excess, stated that the legislature, in G.L.c. 90, §34A, et seq., had codified their mandate that claimants utilize health insurance for medical expenses which exceed the $2,000 limit on an auto insurer’s PIP liability. They cannot ignore health coverage if it is available, the purpose being to coordinate insurance benefits so that costs of auto insurance may be reduced. The Court reaffirmed its finding, from Creswell v. Medical W. Community Health Plan, Inc., 419 Mass. 327, 330 (1995), adding that, “Additional medical-related expenses not covered by the health insurer would be paid by the PIP carrier up to $8,000.” (emphasis added). See also Khudisman v. CNA Insurance Company, 2000 Mass. App. Div. 217.
The difference in the facts between the Dominguez case and the case at bar lies in the existence or non-existence of health policy coverage. In Dominguez, the insured had coverage and chose to go outside die network. Tavares, in this case, had no choice. Although he had a health policy, it had no coverage for chiropractic work, and, in order, therefore, to receive chiropractic treatment, he had to seek treatment from a provider outside the network by definition. There was no provider authorized under die BlueCross policy that provided the treatment that he needed. There is no evidence before us that any service insured by BlueCross would have satisfied Tavares’ medical needs. The summary of undisputed facts merely says, “The health policy did not provide coverage for chiropractic treatment Tavares was seen at an emergency room on the day of the accident and thereafter he received treatment exclusively from a chiropractor, the plaintiff....” It is our sense that to have a health *133 policy without coverage for the treatment which the insured needs, is, for the purposes of §34A, to have no health insurance policy at all. For example, if Tavares’ only injury were lost teeth, and his health policy did not cover dental work, he should not be required to treat with an authorized physician to have his teeth fixed in order to he able to require the PIP insurer to cover his bills in excess of $2,000. Similarly, in the case at bar, where his health insurance policy does not cover chiropractic treatment, he should not have to have treatment by some authorized provider (assumedly untrained as a chiropractor) just to be sure that the PIP company be required to pay the overage bills. Theoretically, the PIP company might, in that case, even be justified in rejecting the bills for chiropractic services from a “non-chiropractor” as unreasonable. This would be an illogical resolution which we reject There is nothing in the record that indicates that the parties did not properly coordinate readily available health insurance benefits as mandated in G.L.c. 90, §34M.
The appeal is dismissed.
So ordered.

 No issue has been raised that there was no demand of, and refusal by, Blue-Cross BlueShield concerning the plaintiff’s chiropractic bills.

 This was added to the statute by St 1988, c. 273, §16.