DIPTI SHAH *vs.* LIBERTY MUTUAL INSURANCE COMPANY. No. 00-P-1566. October 11, 2002. *Insurance,* Motor vehicle insurance, Motor vehicle personal injury protection benefits, Health and accident.

The plaintiff, Dipti Shah, a registered physical therapist, appeals from a decision of the Appellate Division affirming a District Court judgment for the defendant auto insurer, Liberty Mutual Insurance Company (Liberty), in Shah's action under G. L. c. 90, § 34M, seeking personal injury protection (PIP) payments for physical therapy services provided by Shah to Liberty's insured, Rafael Santiago. Shah maintains that she is entitled to recover from Liberty the difference between her usual charge for services and the amount she received from Santiago's health insurer pursuant to a participating provider contract. We agree with the Appellate Division that Shah is not entitled to "balance bill" against Santiago's PIP coverage, and affirm.

After being injured in a motor vehicle accident, Santiago received medical treatment from a number of providers, including Shah. In addition to his auto insurance with Liberty, Santiago also had health insurance with Blue Cross and Blue Shield (BCBS). In accordance with G. L. c. 90, § 34A, Liberty paid the first $2,000 of Santiago's accident-related medical bills under PIP, after which BCBS became responsible for Santiago's additional medical expenses. See *Mejia* v. *American Cas. Co.,* 55 Mass. App. Ct. 461, 462 n.2 (2002). Shah did not submit her bills to Liberty until after Liberty already had paid $2,000 of PIP coverage to other medical providers. When Liberty declined to pay her, Shah submitted her bills to BCBS, which remitted only those amounts due in accordance with BCBS approved contract rates.

Shah was a BCBS participating provider, having signed an agreement providing, among other things, that she would furnish medically necessary physical therapy services to any BCBS subscriber, subject to the provisions of the subscriber's contract with BCBS and schedules of compensation approved by the Commissioner of Insurance or other agency with approval authority. Santiago's subscriber agreement with BCBS provided, in turn, that BCBS participating providers would accept BCBS's payment as payment in full unless the subscriber "received or will receive payment from another person or insurance company." It is Shah's position that Liberty is "another . . . insurance company" covering the medical services she provided to Santiago and that she therefore is free under her participating provider agreement and Santiago's subscriber agreement to seek the balance of her bills from Liberty. We disagree, however, with Shah's basic premise that Liberty's PIP coverage extends to the unpaid portion of her bills.

---

[3]In view of the result, we do not address the defendant's remaining contentions.

General Laws c. 90, § 34A, expressly limits PIP payments for medical expenses to $2,000 in cases where such expenses have been or will be paid under a health insurance policy. The purpose of coordinating benefits in this fashion is twofold: to leave the remaining $6,000 in PIP benefits available to be paid for lost wages, replacement services, and additional medical costs not covered by the health insurer, thereby maximizing the insured's benefits under his policies, see *Creswell* v. *Medical West Community Health Plan, Inc.*, 419 Mass. 327, 332 (1995); and to contain the costs of compulsory automobile insurance by allocating medical expenses above $2,000 to available health insurance. See *Dominguez* v. *Liberty Mut. Ins. Co.*, 429 Mass. 112, 115 (1999).

Although Shah maintains that the unpaid portion of her bill should be treated as an additional medical expense that was not covered by BCBS and was therefore payable under PIP, treating the balance of her bill as an uncovered medical expense would thwart both purposes of the coordination of benefits provision. Requiring Liberty to pay the balance of Shah's bill would reduce the amount of PIP coverage available to Santiago even though he received no medical services from Shah beyond those covered by his health insurance. It also would burden the PIP carrier with a medical payment that Shah willingly agreed to forgo in return for her access to BCBS patients.

There is no merit to Shah's additional contention that Liberty's failure to pay the unpaid balance of her bill is a violation of G. L. c. 176D, § 3(4), as amended by St. 1986, c. 618, § 3, which prohibits an insurance company from "establishing the price to be paid to any health care facility or provider at a level equal to the lowest price paid to such facility or provider under a contract with any other nonprofit hospital service corporation, medical service corporation, insurance company, health maintenance organization or government payor." We fail to see the relevance of that section here.

*Order of Appellate Division affirmed.*

*Francis A. Gaimari* for the plaintiff.

*Peter J. Radulski* for the defendant.