Greco, P.J.
The plaintiff, Dr. Frank E. Salafia (“Salafia”), a chiropractor, has appealed the allowance of summary judgment in favor of the defendant, Horace Mann Insurance Company (“Horace Mann”). Salafia alleged that Horace Mann failed to pay personal injury protection (“PIP”) benefits for treatment he provided to Benjamin Fernandez (“Fernandez”), the operator of a motor vehicle owned by Horace Mann’s insured, in violation of G.L.c. 90, §34M. Salafia also sought damages for Horace Mann’s alleged violation of the Consumer Protection Act, G.L.c. 93A, and of the unfair claim settlement practices law, G.L.c. 176D, §3 (9).
Factually, it was undisputed that Fernandez was charged $3,755.25 for treatment provided to him after the accident by Salafia. Because, at that time, Fernandez had his own health insurance with CIGNA Health Care- (“CIGNA”), Horace Mann initially paid only $2,000.00 in PIP benefits, leaving a balance of $1,755.25 owed for Salafia’s services. Of this balance, CIGNA paid Salafia a total of $723.44. Subsequently, Horace Mann paid Fernandez another $250.00, which represented co-payments applicable under his health insurance policy. Thus, $781.81 of Salafia’s bills were not paid by either Horace Mann or CIGNA. There was undisputed evidence explaining why these bills were not paid, which we discuss below.
In moving for summary judgment, Horace Mann bore the burden of demonstrating that Salafia had “no reasonable expectation of proving an essential element of... his case. To be successful, [Horace Mann] need not [have] submitt[ed] affirmative evidence to negate one or more elements of... [Salafia’s] claim.” Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). If such a showing was made, Salafia “was required to respond by ‘set[ting] forth specific facts showing that there is a genuine issue for trial.’” Id, quoting Mass. R. Civ. P., Rule 56(e). In other words, Horace Mann did not have to show that Salafia’s claims were without merit, but only that it was not reasonably likely that Salafia could advance the requisite evidence to prevail. The “possibility” that Salafia, at trial, might “elicit something helpful on cross-examination of witnesses cannot defeat the motion [for summary judgment], particularly if there is no indication of what specifically is to be elicited.” Thompson v. Commonwealth, 386 Mass. 811, 815 (1982).
Salafia qualified as an unpaid party for any amounts “due in accordance with the provisions” of the PIP statute. See G.L.c. 90, §34M. However, he would not have been entitled to more than the $2,000.00 he received for his treatment of Fernandez “if, and to the extent that” any additional bills would “be compensated, paid or indemnified pursuant” to Fernandez’s own health insurance. G.L c. 90, §34A. Thus, the mere fact that the injured party has health insurance does not, by itself, resolve *110 the question of what must be paid. The extent of the health insurance coverage becomes relevant. For example, the Southern District of the Appellate Division has held that if the injured party received chiropractic treatment, but his policy did not cover such services, the PIP insurer would be obligated to pay for such treatment even if the original $2,000.00 in benefits had been exhausted. Arbit v. Amica Mut. Ins. Co., 2002 Mass. App. Div. 131, 132-133. On the other hand, Horace Mann would not have been obligated to pay the additional bills if Salafia had an agreement with CIGNA whereby he “would furnish medically necessary... services to ... [its] subscriber, subject to the provisions of the subscriber’s contract with [Horace Mann] and schedules of compensation approved by the Commissioner of Insurance or other agency with approval authority.” See Shah v. Liberty Mut. Ins. Co., 56 Mass. App. Ct. 903 (2002). In other words, he could not “balance bill.” Id.
In initially seeking summary judgment, Horace Mann seems to have relied solely on the undisputed fact that Fernandez had health insurance in order to show that Salafia “had no reasonable expectation of proving” its case. Kourouvacilis, supra at 716. We need not decide whether such a showing would have been sufficient in view of the later actions taken by Horace Mann to augment its summary judgment materials. After the original judgment was vacated, Horace Mann deposed Allyson Mitchell (“Mitchell”), the “legal liaison” for CIGNA’s subsidiary, Connecticut General Life Insurance Company (“Connecticut General”). Salafia’s counsel received notice of the deposition, but elected not to appear. Mitchell testified that Salafia had signed a written contract with Connecticut General, whereby he agreed to accept certain amounts for services he provided; that this contract was in effect during the period in which Salafia submitted bills for services rendered to Fernandez; that those bills were reduced in accordance with the provisions of the contract; that none of those bills were denied outright; and that the reductions totaled $781.81. Mitchell did not know if the contract stated whether, or how, Salafia could recover the amount of the reductions. When, at the deposition, Horace Mann’s attorney attempted to delve into the actual provisions of the contract, counsel for Connecticut General stated that Mitchell would have a problem answering because of “the proprietary nature of the contract.” Horace Mann’s attorney did not pursue the matter.
Based on the deposition and the materials originally submitted on summary judgment, Horace Mann satisfied its burden of demonstrating that Salafia “had no reasonable expectation of proving,” Id., that he was entitled to collect the $781.80 as benefits due under the PIP policy. Because Horace Mann showed that the situation bore all the earmarks of a case of “balance billing,” the burden shifted to Sala-fia to advance contrary evidence. If his case had merit, it would have been an easy burden to satisfy. Salafia had only to produce his own contract with CIGNA, or refer to some evidence that the services he provided to Fernandez were not covered by his health insurance. He did nothing. Given the evidence advanced by the PIP insurer, Salafia’s insistence at this point that a trial on the merits is necessary would be starkly at odds with the purpose of the PIP statute “to provide an inexpensive and uncomplicated procedure for obtaining compensation for injuries sustained in automobile accidents,... [and] to control costs of compulsory automobile insurance.” Dominguez v. Liberty Mut. Ins. Co., 429 Mass. 112, 115 (1999).
Without a recovery due under the PIP statute, and with no additional evidence of any G.L. c. 176D violation, Salafia’s G.L. c. 93A claim must also fail.
Judgment affirmed. Appeal dismissed.
So ordered.