Swan, J.
Brighton Physical Therapy, Inc. (“Brighton”) commenced this action as an unpaid party against One Beacon Insurance Company (“Beacon”), alleging Beacon’s failure to pay personal injury protection (“PIP”) benefits under G.L.c. 90, §34M, and, consequently, its violations of G.L.c. 93A. Beacon moved for summary judgment. The motion was denied, the trial judge ruling, “It appears that [Beacon’s] legal position is correct, however, not sufficiently supported.” Beacon reined the motion with additional documentation. This time the motion was allowed. Brighton has appealed that ruling.
On a motion for summary judgment, the moving party, here Beacon, must “show that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law,” Nashua Corp. v. First State Ins. Co., 420 Mass. 196, 202 (1995), quoting Mass. R Civ. R, Rule 56(c); and we, accordingly, view the facts in the light most favorable to Brighton, the nonmoving party. Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991). Ryhor Katsman (“Katsman”) was the insured under a standard Massachusetts automobile insurance policy issued by Beacon and a health insurance policy issued by Blue Cross Blue Shield of Massachusetts (“Blue Cross”). On April 5, 2005, Katsman was injured in an automobile accident and received physical therapy from Brighton. Apparently having obtained an assignment of benefits from Katsman, Brighton filed a claim totaling $4,439.00 for its services to Katsman. Beacon paid $2,000.00 for first-tier PIP coverage, and in letters sent in June and July, 2005, directed Brighton to submit the balance to Blue Cross. Katsman’s policy with Blue Cross covered short-term rehabilitative therapy, including physical therapy, and would have provided payment for the claim. As a precondition to reimbursement, however, Katsman was required to “obtain an approved referral from [his] PCP[1] before receiving ... Short term rehabilitative therapy.” Katsman failed to obtain the referral. Blue Cross denied the claim, and once informed of Blue Cross’s action in August, 2005, Beacon also denied the claim. Beacon heard nothing more from Brighton regarding the claim until commencement of this suit on March 23, 2009.[2]
Despite the availability of up to $8,000.00 in PIP coverage in a Massachusetts automobile insurance policy, G.L.c. 90, §34A does
not provide for payment of more than two thousand dollars of expenses incurred within two years from the date of accident for medical, surgical, X-ray and dental services,... if, and to the extent that, such expenses have been or will be compensated, paid or indemnified pursuant to any policy of health, sickness or disability insurance or any contract or agreement of any group, organization, partnership or coiporation to provide, pay for or reimburse the cost of medical, hospital, dental or other health care services.
*164 Id. Thus, to put it simply, for claims for medical bills arising from an automobile accident, the PIP carrier is required to pay the first $2,000.00 (first tier) to the injured party (or, as in this case, to the medical provider who holds an assignment of the claim). If the injured party has a health plan, then the health insurer pays the balance of claims for those services it covers; if the injured party has no health plan, or if a health plan does not cover the services, then the PIP carrier pays the balance up to an additional $6,000.00 (second tier).
In this case, the second tier of PIP coverage was not activated because Katsman had a health plan with Blue Cross, which specifically covered physical therapy. The PIP statute clearly denies to a “claimant who is otherwise entitled to benefits under a health insurance plan, the ability to shift all of his medical expenses between $2,000.00 and $8,000.00 to the PIP carrier, thereby frustrating the goal of containing the costs of automobile insurance.” Dominguez v. Liberty Mut. Ins. Co., 429 Mass. 112, 116 (1999). Katsman, as an injured party, had the obligation to “do all things necessary to enable the insurer to obtain medical reports and other needed information to assist in determining the amounts due” for his PIP claim. G.L.c. 90, §34M. What he failed to do, as attested by Blue Cross in support of Beacon’s motion for summary judgment,[3] was obtain an “approved referral” from his primary care physician prior to retaining Brighton’s services.[4]
Brighton argues that even if no referral was obtained as a predicate to payment by Blue Cross for the physical therapy treatment, there were some items that were not covered by the Blue Cross policy and that were, therefore, the primary responsibility of Beacon to pay, namely, heating pads[5] and copayments. However, Brighton sent in a bill only for the total of its own services, and, as in Labbe v. Commerce Ins. Co., 1999 Mass. App. Div. 251, “never presented a specifically framed request to [Beacon] that it reimburse for specific amounts not covered under the [Blue Cross] plan such as co-pays, coinsurance, etc. ... As such, because payment of such bills was not requested, payment was not denied by [Beacon], and suit was not necessary *165 to obtain reimbursement.”[6] Id. at 252 n.1.
Due to Katsman’s failure to coordinate benefits by obtaining a referral prior to seeking physical therapy, as he was obliged to do by his contract with Blue Cross, Beacon properly denied Brighton’s unspecified claim.
Judgment affirmed.
So ordered.

 “PCP” refers to “primary care physician.”

 Two and one-half months after commencement of the action, on June 11, 2009, Beacon received an inquiry about the claim from a law firm representing Brighton. Beacon wrote back, stating that $2,000.00 had been paid and that because Katsman “had received treatment from Brighton... without first receiving authorization from the health plan, and that treatment would have been available under their health plan, he is not entitled to no-fault benefits for this treatment.”

 When submitting its motion for summary judgment for a second time, Beacon included an affidavit from the custodian of records of Blue Cross, who averred on her own personal knowledge that Katsman’s health insurance policy with Blue Cross was in full force and effect at the time of his accident She further averred that no referral for physical therapy was received from Katsman’s primary care physician, and that “had a referral been received, [Blue Cross] by the terms of its policy with Katsman, would have processed [Brighton’s] claim for payment of the services rendered.” Cf. Khudisman v. CNA Ins. Co., 2000 Mass. App. Div. 217, 218 (affidavit of PIP carrier’s representative that “to the best of her knowledge, she had not received a denial of coverage from” injured party’s health plan held insufficient to support PIP carrier’s motion for summary judgment on ground of plaintiffs refusal to submit his claim to health plan).

 The record is silent as to what steps, if any, Brighton took to assure itself that Katsman had such a referral before it undertook to treat him.

 Brighton’s billings, however, do not mention heating pads. They speak only of hot/cold packs in the administration of its therapy. Brighton has been unable to convince us that heating pads are synonymous with hot/cold packs.

 Indeed, Brighton’s billing statement in the record says nothing about copay-ments. Whether copayments were deducted from, or included in, the amounts provided to Beacon, there is no accounting of them. Moreover, if there were copay-ments, they presumably would have been paid to Brighton by Katsman, and Katsman was not a party to the action.