MARGARET CRESWELL *vs.* MEDICAL WEST COMMUNITY
HEALTH PLAN, INC.

Hampden: December 8, 1994. - January 17, 1995.

Present: ABRAMS, NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.

*Insurance*, Motor vehicle personal injury protection benefits, No-fault in-
surance. *Statute*, Construction. *Health Maintenance Organization.*
*Lien.*

General Laws c. 90, § 34A, does not prohibit a health insurer that has
paid medical expenses as a result of an automobile accident from as-
serting a lien pursuant to G. L. c. 111, § 70A, against a damage award
or settlement from the responsible third-party tortfeasor [330-331]; fur-
ther, the health insurer is entitled to enforce the lien against the dam-
age award without restriction [331-333].

CIVIL ACTION commenced in the Superior Court Depart-
ment on June 22, 1992.

The case was heard by *John F. Moriarty*, J., on a motion
for summary judgment.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

*Thomas E. Casartello (Charles R. Casartello, Jr.,* with
him) for the plaintiff.

*Kenneth W. Luke (Laura A. Panos* with him) for the
defendant.

NOLAN, J. This is an appeal from a decision of a Superior
Court judge declaring that Medical West Community
Health Plan, Inc. (Medical West), is entitled to assert and
enforce a lien pursuant to the provisions of G. L. c. 111,
§ 70A (1992 ed.), against the proceeds of Margaret Cres-
well's tort action to the extent that the medical expenses paid
by Medical West on behalf of Creswell exceeded the total

personal injury protection benefits that she was entitled to receive.

The facts of this case are undisputed. In October of 1989, Creswell was injured in a two-vehicle automobile accident. As a result of the accident, Creswell sustained personal injuries. Creswell's automobile insurance carrier paid the first $2,000 of her medical expenses pursuant to the provisions of G. L. c. 90, § 34A (1992 ed.), and Medical West, Creswell's health insurance carrier, paid the balance.

Seeking damages for the personal injuries sustained in the accident, Creswell commenced a negligence action against the driver of the other vehicle. Pursuant to G. L. c. 111, § 70A, Medical West placed a lien on the proceeds of Creswell's personal injury claim. Creswell then filed this declaratory action seeking a declaration that G. L. c. 90, § 34A, barred Medical West from asserting a lien against the proceeds of her tort action. Medical West moved for summary judgment, which the judge granted in its favor. In his decision, the judge ruled that Medical West was entitled to assert and enforce a lien pursuant to the provisions of G. L. c. 111, § 70A, but only to the extent that Creswell's medical expenses exceeded $8,000, the total amount of personal injury protection benefits that she was entitled to receive. Both Creswell and Medical West appealed from the judge's ruling. We transferred the case to this court on our own motion.

We begin with a discussion of the personal injury protection provisions of G. L. c. 90, § 34A. Personal injury protection (PIP) benefits were instituted in the Commonwealth as a form of no-fault automobile insurance in 1971 (see St. 1970, c. 670) in order "to reduce the number of small motor vehicle tort cases being entered in the courts of the Commonwealth, to provide a prompt, inexpensive means of reimbursing claimants for out-of-pocket expenses, and to address the high cost of motor vehicle insurance in the Commonwealth." *Flanagan* v. *Liberty Mut. Ins. Co.*, 383 Mass. 195, 198 (1981). Under G. L. c. 90, § 34A, three types of PIP benefits are available: (1) medical-related expenses, (2) seventy-five per cent of actual lost wages, and (3) replacement ser-

vices, that is, payments to someone outside of the household who has been hired to perform ordinary and necessary services that "the injured person would have performed not for income but for the benefit of . . . his household." G. L. c. 90, § 34A. See *Pinnick* v. *Cleary*, 360 Mass. 1, 6-7 (1971). To the extent that the injured party is entitled to receive PIP benefits, the tortfeasor, if also entitled to PIP coverage, is exempt from tort liability. G. L. c. 90, § 34M (1992 ed.).

As originally enacted, PIP benefits were limited to $2,000. St. 1970, c. 670. By St. 1988, c. 273, § 15, however, the Legislature amended G. L. c. 90, § 34A, increasing the amount of available PIP benefits to $8,000. In an attempt to limit the costs of automobile insurance and to prevent duplicative recovery of benefits, the Legislature also added the following provision:

> "Notwithstanding the foregoing, personal injury protection provisions shall not provide for payment of more than two thousand dollars of expenses incurred within two years from the date of accident for medical, surgical, X-ray and dental services, including prosthetic devices and necessary ambulance, hospital, professional nursing and funeral services if, and to the extent that, such expenses have been or will be compensated, paid or indemnified pursuant to any policy of health, sickness or disability insurance or any contract or agreement of any group, organization, partnership or corporation to provide, pay for or reimburse the cost of medical, hospital, dental or other health care services. No policy of health, sickness or disability insurance and no contract or agreement of any group, organization, partnership or corporation to provide, pay for or reimburse the cost of medical, hospital, dental or other health care services, shall deny coverage for said expenses because of the existence of personal injury protection benefits. Notwithstanding the provisions of [G. L. c. 111, § 70A], no entity which is the source of the provision, payment or reimbursement of said expenses shall recover any

amount against the claimant nor shall it be subrogated to the rights of the claimant for more than two thousand dollars of personal injury protection benefits, nor shall it have a lien against the claimant's personal injury protection benefits on account of its provision payment of reimbursement of said expenses . . . ." St. 1988, c. 273, § 16.

With this new amendment, the Legislature restructured the manner in which medical expenses were paid to an individual injured in an automobile accident. Prior to the amendment, an injured party who had health insurance was not only entitled to receive PIP benefits, but was also entitled to receive the proceeds of his or her health insurance policy. Under the new statutory scheme, however, the automobile insurer would only be responsible for the first $2,000 of medical-related expenses, after which the injured party's health insurer, if any, would cover the expenses. Additional medical-related expenses not covered by the health insurer would be paid by the PIP carrier up to $8,000.

We first consider whether § 34A bars a health insurer from asserting a lien against the proceeds of a damage award from a third-party tortfeasor. General Laws c. 111, § 70A, provides in pertinent part: "[A]ny health maintenance organization which has furnished health services . . . to a person injured in . . . an accident . . . shall . . . have a lien for such benefits, upon the net amount payable to such injured person . . . from another person as damages on account of such injuries." Standing alone, this statute clearly establishes the right of a health insurer to assert a lien against the proceeds of an injured party's damage award. Creswell contends, however, that the 1988 amendment to § 34A effectively nullifies Medical West's § 70A lien rights and bars it from recovering any portion of Creswell's personal injury damage award. We disagree.

The amendment to § 34A sets out three restrictions on a health insurer's ability to recover payments made on behalf of an individual injured in an automobile accident. First, a

health insurer is prohibited from placing a lien directly on the claimant's PIP benefits. Our recent decision in *Meyers* v. *Bay State Health Care, Inc.*, 414 Mass. 727, 728-730 (1993), holding that benefits received from an under-insurance policy are not subject to a lien pursuant to G. L. ·c. 111, § 70A, because those benefits are contractual and not damages from third-party tortfeasors, is consistent with this restriction. Similarly, because PIP benefits are paid as a result of a contractual obligation between Creswell and her automobile insurance carrier, these benefits are not subject to a lien pursuant to G. L. c. 111, § 70A. Second, a health insurer is prohibited from recovering any amount directly from the injured party. Otherwise, the injured party would receive the PIP benefits, only to have them taken away by the health insurer. Finally, a health insurer "shall [not] be subrogated to the rights of the claimant for more than [$2,000] of personal injury protection benefits." G. L. c. 90, § 34A. This provision limits the subrogation rights of the health insurer with respect to the PIP carrier to $2,000. Recognizing that the PIP carrier is responsible for the first $2,000 of medical expenses, this provision allows a ·health insurer who mistakenly pays this amount to sue the PIP carrier directly.

Reading the provision as a whole, it is clear that this provision was designed to ensure that an injured party receive the full amount of PIP benefits and to restrict the ability of a health insurer to recover payments from the injured party's PIP benefits. Nothing in the statute, however, prohibits a health insurer from asserting a lien against damages or a settlement paid by a third-party tortfeasor. Thus, we agree with the judge and conclude that G. L. c. 90, § 34A, does not prohibit a health insurer that has paid medical expenses as a result of an automobile accident from asserting a lien pursuant to G. L. c. 111, § 70A, against a damage award or settlement from a third-party tortfeasor.

Although the judge was correct in concluding that G. L. c. 90, § 34A, did not invalidate the health insurer's lien, he erred in holding that the health insurer could not place a lien against a damage award until the full $8,000 of PIP benefits

had been exhausted. The judge declared that Medical West could not exercise its lien rights until Creswell had exhausted her PIP benefits, and then, only to the extent that its payments exceeded the amount of total PIP benefits paid. It appears that the judge reasoned that, because the tort defendant would be exempt from liability to the extent that Creswell was entitled to receive PIP benefits, any damage award recovered by Creswell would not include the PIP benefits. Thus, the judge concluded that, if Medical West were able to recover the payments made on behalf of Creswell before she had exhausted her PIP benefits, Medical West "would be effectively taking back the PIP benefits it paid, and that it cannot do."

The judge's reasoning is based on the faulty assumption that the medical expenses paid by a health insurer as a result of an automobile accident are part of the injured party's PIP benefits. Nothing in the statute, however, indicates that the Legislature intended to make health insurers responsible for the payment of PIP benefits. The statute, in fact, distinguishes between "personal injury protection" benefits and those payments made by a health insurer.[1]

We interpret the statute differently. Where an injured party has health insurance, the automobile insurer should be responsible for the initial $2,000 of medical expenses, with the remaining $6,000 in PIP benefits to be borne by the automobile insurer in the form of lost wages, replacement services, and additional medical expenses not covered by the health insurer. This interpretation provides the greatest coverage for the insured and gives the insured the true benefit of his or her bargain. Furthermore, interpreting the statute in this way by no means diminishes the rights of the injured

---

[1]General Laws c. 90, § 34A, provides: "Notwithstanding the foregoing, [PIP] provisions shall not provide for payment of more than [$2,000] of [medical-related] expenses . . . if, and to the extent that, such expenses have been . . . paid" pursuant to any health insurance policy. The statute goes on to state that "[n]o policy of health . . . insurance . . . shall deny coverage for said expenses because of the existence of [PIP] benefits," again distinguishing between health coverage and PIP coverage. Id.

party. Because the payments made by Medical West do not constitute PIP benefits, the tortfeasor is not exempt from liability for this amount. Thus, any damage award from the tortfeasor should include the payments made by Medical West.

In order to prevent duplicative recovery, Medical West should have the right to assert its lien against this damage award without restriction. Accordingly, we vacate the judgment and order the entry of a judgment declaring that G. L. c. 90, § 34A, does not invalidate Medical West's G. L. c. 111, § 70, lien rights and that Medical West is entitled to enforce its lien against Creswell's damage award without restriction.

*So ordered.*