Merrigan, J.
This case is an expedited appeal pursuant to Mass. Dist./Mun. Cts. R. A. D. A, Rule 8Afrom the allowance of plaintiff Diana Rivera’s Motion for Summary Judgment. The action of the trial judge allowing summary judgment for the plaintiff was prior to the decision of the Supreme Judicial Court in Dominguez v. Liberty Mutual Insurance Company, 429 Mass. 112 (1999). We consider the issues in this case in light of Dominguez. We also address other claims of error by the defendant Trust Insurance Company.
The underlying action arose from Rivera’s claim for Personal Injury Protection (PIP) benefits from an auto policy issued to the operator of an automobile in which Rivera was a passenger. The operator and Rivera were in a collision on July 4, 1997. At the time, Rivera’s health insurance insurer was Fallon Community Health Plan (Fallon). The record before us indicates that Trust Insurance issued a check for the first $2000- of Rivera’s non-Fallon network medical services. Thereafter, when Fallon refused to pay the additional $1510 because the providers were outside the Fallon network, Rivera sought PIP payment from Trust Insurance. Relying on G.L.c. 90, §34A, Trust Insurance refused to pay the $1510, and this litigation ensued.
Trust Insurance asserts that allowance of summary judgment over its objection before answers to interrogatories and requests for production of documents is at odds with the purpose and the law of summary judgment. We agree.
Summary judgment is a method of testing the suitability of a case for trial. Summary judgment is appropriate where there are no material issues of fact to be resolved. All parties are entitled to a reasonable opportunity to discover relevant materials and facts before a case is ripe for summary judgment consideration. Relevant information must be known so that the parties opposing summary judgment can alert the court to issues of material factual dispute. In this case, Rivera filed suit against Trust Insurance in order to secure PIP benefits payable pursuant to G.L.c. 90, §34A. The suit also alleged violations of G.Lc. 93A and G.L.c. 176D.
Trust Insurance claims that through discovery, it could have ascertained important and material facts concerning the details of the Fallon plan which entitled Rivera to heath care benefits. Discovery could have generated information concerning the extent of and procedure for any appeal and reconsideration, if any, by Fallon of the denial of payment by Fallon of the $1,510.00. Because discovery may have yielded information relevant to these or similar issues, this case as it stood before the motion judge was not ripe for summary judgment.
Dominguez does not quell all factual and legal disputes in this case. Both Rivera and Trust Insurance contend, Dominguez notwithstanding, that there are legal and factual issues remaining in this case that will arise on remand. Issues remain outstanding concerning the extent and obligation of Rivera to pay deductibles and co- *219 payments to her providers as well as whether there were limits on the number of chiropractic or physical therapy treatments that were available under the Fallon plan. For example, it appears (hat Fallon would, even for in-network providers, pay for only 20 chiropractic visits.
There is nothing in Dominguez which suggests that the duty to coordinate means that reasonable and necessary medical expenses not covered by coordination of benefits are not payable from PIP benefits. Health insurance policies often have treatment co-pays as well as visit co-pays, deductibles, and coverage limits that restrict patient treatments to a fixed number, particularly for chiropractic or other neuro-skeletal manipulative treatments. It is doubtful that the legislative goal “to control costs of compulsory automobile insurance,” Dominguez v. Liberty Mutual Insurance Co., supra at 115, means that these uninsured expenses are not payable as PIP benefits.
In fact, to conclude otherwise would create a result that would contravene the essential no-fault objective of avoiding litigation. To the extent that deductibles, co-pays or expenses for necessary treatments in excess of or outside of plan limits could not be recovered up to $8,000.00 under PIP, at fault litigation against the tort-feasor seeking to recover unpaid medical bills as economic damages would be inevitable. Such litigation would be contrary to the essential premises of no-fault insurance.
Moreover, in Dominguez, the Supreme Judicial Court cited with approval Creswell v. Medical West Community Health Plan, Inc., 419 Mass. 327 (1995). “[T]he automobile insurer would only be responsible for the first $2,000 of medical-related expenses, after which the insured party’s health insurer, if any, would cover the expenses. Additional medical related expenses not covered by the health insurer would, be paid by the PIP carrier up to $8,000,” Dominguez v. Liberty Mutual Insurance Company, supra at 114, quoting Cresswell v. West Community Health Plan at 330. (emphasis added).
Accordingly, we reverse the summary judgment and remand this case to the trial court for further proceedings consistent with this opinion.