Merrick, P.J.
This is a G.L.c. 90, §34M action against defendant Empire Insurance Group to recover Personal Injury Protection (“PIP”) benefits for plaintiff George Pike’s (Tike”) medical expenses and lost wages. Medical benefits were paid. As to lost wages, Pike is a self-employed operator of a limousine service. While PIP benefits are available for lost earnings from self-employment the parties could not agree on the amount of any lost earnings.
Empire filed a Mass. R. Civ. E, Rule 34, request for production of documents, which included a demand for three years of Pike’s Schedule C forms from his United States income tax returns. Pike has appealed from the courf s order for him to produce those records.[1] The case has not been tried, and no judge has reported the question pursuant to Dist/Mun. Cts. RA.D.A., Rule 5.
Discovery orders are interlocutory and not appealable. Beit v. Probate & Family Court Dept., 385 Mass. 854, 858 (1982); Borman v. Borman, 378 Mass. 775, 781-782 (1979). That fact is not changed by the plaintiff’s claim of an intention to disregard the production order and accept dismissal of his case. The remedy of a party or witness is in fact to refuse to obey the discovery order and to appeal the sanction after judgment Cronin v. Strayer, 392 Mass. 525, 528 (1984). Until judgment is *144 entered, immediate appellate review of an interlocutory ruling may be obtained only upon a report of die ruling by the trial judge pursuant to Dist/Mun. Cts. R A. D. A., Rule 5. Ajalat v. Cohan, 1998 Mass. App. Div. 266, 267; Price-Hanson v. Pare, 1997 Mass. App. Div. 101, 101-102 and cases cited.
This is not a case in which the appeal is interlocutory only because the trial court has not performed the ministerial act of entering a judgment which has been ordered, see Massey v. Stop & Shop Cos., Inc., 1998 Mass. App. Div. 117, or where a separate judgment has not been obtained pursuant to Mass. R Civ. R, Rule 54(b). See Estabrook v. Somerville, 1996 Mass. App. Div. 38, 40-41. As noted, this case has not yet gone to trial.
The plaintiffs appeal is premature and must be dismissed for that reason.
So ordered.

 We note that while there is a preference for some degree of confidentiality, federal tax returns are not privileged and the taxpayer may be required to produce returns in his possession where the taxpayer’s income is put at issue. Town Taxi, Inc. v. Police Commissioner of Boston, 377 Mass. 576, 587-88 (1979). Moreover, even when the returns are not in the taxpayer’s physical possession, they are considered in his constructive possession and he may be ordered to obtain them from the Internal Revenue Service. Commonwealth v. Burgess, 426 Mass. 206, 227 (1997); Tollefson v. Phillips, 16 F. R. D. 348, 348-349 (D.C. Mass. 1954).