Murphy, J.
The plaintiff, William K. Osafo (“Osafo”), brought this action against the defendant, Commerce Insurance Company (“Commerce”), alleging that Commerce breached its contract of insurance with Osafo by refusing to pay benefits due to him under the Personal Injury Protection (“PIP”) provisions of Osafo’s automobile insurance policy. The matter is before the Court on Commerce’s motion for summary judgment. For the reasons detailed below, Commerce’s motion for summary judgment is ALLOWED.
BACKGROUND
Osafo was involved in a motor vehicle accident on November 30, 1998. In addition to his automobile insurance policy, Osafo had health insurance coverage with The Fallon Clinic [“Fallon”], a health maintenance organization. Under the terms of their contract, Fallon paid for Osafo’s first twenty chiropractic visits with Osafo making various levels of co-payment. However, the health insurance contract required that Osafo receive this treatment from Fallon’s list of approved medical providers. After the accident, Osafo sought chiropractic treatment with Dr. Herbert Rubin and New England Chiropractic Clinic. Neither the clinic nor Dr. Rubin was on Fallon’s approved list. The entire treatment regimen spanned thirty-nine visits and totaled approximately $3,900.00.
Osafo submitted his bills to Fallon which denied benefits because Osafo had not used a chiropractor on its approved list. Treatment bills were also submitted to Commerce for payment under the PIP provisions of Osafo’s policy. Commerce paid approximately $2,300.00 of the bills in question. Commerce refused to pay any further benefits claiming Osafo did not coordinate his auto and health coverages as required by G.L.c. 90, §34A when he used a chiropractor outside the Fallon network.
Osafo brought suit in Westborough District Court seeking the $ 1,600.00 difference between the amount Commerce had paid and his total chiropractic bills. He reasoned that he was not required to coordinate coverages in this instance since he incurred the $1,600 in chiropractic visits Fallon did not cover — that is, in visits 21-39. Initially, the District Court agreed with Osafo in a judgment rendered April 5, 2001 (Virzi, J.). However, that judgment was vacated May 2, 2001 and judgment entered for Commerce. The District Court concluded that “plaintiff could have cooperated with his medical insurance provider to obtain coverage for his chiropractic expenses but chose not to cooperate from the outset of his medical treatment.” Following this reversal, Osafo brought his case to Superior Court.
DISCUSSION
The court will grant summary judgment where there are no genuine issues of material fact and where the record, including the pleadings and affidavits, entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Corrections, 390 Mass. 419, 422 (1983). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and showing that summary judgment entitles it to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party satisfies this burden by submitting affirmative evidence refuting an essential element of the opposing party’s case, or by showing that the opposing party has no reasonable expectation of proving an essential element of its case at trial. O’Sullivan v. Shaw, 431 Mass. 201, 203 (2000). The court, for purposes of summary judgment, will review the facts and all reasonable inferences from those facts in the light most favorable to the nonmoving party. Ford Motor Co., Inc. v. Barrett, 403 Mass. 240, 242 (1988).
PIP benefits are available pursuant to G.L.c. 90, §34M for all reasonable and necessary medical expenses an insured incurs as a result of an automobile accident. When an insured has injuries compensable under PIP, G.L.c. 90, §34A obligates the auto insurer to cover the first $2,000 of medical-related expenses, after which the injured party’s health insurer commences the payment of benefits. If the health insurer did not provide coverage, the PIP carrier would pay up to $8,000 in medical expenses. Creswell v. Medical West Community Health Plan, Inc., 419 Mass. 327, 330 (1995). Clearly the “no fault” statute envisions an interplay between health and auto coverages. The instant case raises the question of when such an *653 interplay begins. Osafo contends that coordination with an insured’s health carrier begins after the PIP insurer’s initial $2,000 exposure is exhausted. Commerce argues that the statutory scheme and legislative purposes of the no-fault plan demand that auto and health coverage coordination begin from the date the insured seeks treatment for his injuries.
While the description of the general plan set out in Creswell lends some credence to Osafo’s view, the Supreme Judicial Court has decided otherwise. In Dominguez v. Liberty Mutual Insurance Co., 429 Mass. 112 (1999), the SJC considered the case of an injured insured who obtained treatment in excess of $2,000 from an out-of-network medical provider. In holding that the insurer was not required to pay anything beyond the $2,000 because the plaintiff had not properly coordinated his auto and health coverages, the SJC stated that a contrary result would reward those who chose not to seek or obtain health coverage. Dominguez, 429 Mass. at 116. In addition to disincentivizing people from getting health coverage, those with health insurance also could frustrate the intent of the no fault insurance plan. An insured could elect to place medical expenses between $2,000 and $8,000 solely on his PIP carrier merely by choosing a medical provider who was not in his carrier’s network. The Dominguez Court observed that this ability would work against the legislative intent of keeping auto insurance rates affordable. Id.
Doubtless, there are instances when an insurer will pay bills for medical providers who are not approved by an insured’s health carrier. This Court does not herein face the question of whether Osafo could have transferred treatment to a chiropractor of his choice after the twentieth treatment by a Fallon-approved practitioner. Neither does this Court consider the question of how PIP benefits deal with uninsured portions of approved provider’s hills such as co-pays and deductibles. Suffice the matter that Dominguez requires those with health insurance and compulsory auto insurance to coordinate coverage at the outset of treatment. It is, as the District Court observed, because Osafo did not seek out the coverage he had with Fallon in the first instance that he is limited to only the $2,000 of PIP benefits he has already received.
ORDER
For the foregoing reasons, defendant Commerce Insurance Company’s motion for summary judgment is ALLOWED.