Greco. J.
This is a Dist/Mun. Cts. RAD.A, Rule 5, report by the trial judge of his interlocutory ruling denying a motion for summary judgment by defendant Arbella Mutual Insurance Company (“Arbella”). G.L.c. 231, §108. See Pike v. Empire Ins. Group, 2001 Mass. App. Div. 143, 143-144; Price-Hanson v. Pare, 1997 Mass. App. Div. 101, 101-102. As phrased by the judge, the issue raised by the summary judgment motion is as follows:
Can a medical service provider bring suit for G.L.c. 175, §113C medical payment coverage benefits under G.L.c. 90, §34M where PIP benefits have been paid by the insurer to exhaustion.
*155 A review of the parties’ summary judgment materials puts this issue in context Plaintiff McGovern Physical Therapy Associates (“McGovern”) provided medical services to Deborah Bostrum (“Bostrum”) for injuries she sustained in an automobile accident Bostrum was insured under a standard automobile insurance policy purchased from Arbella, but also had her own health insurance. After the accident, Arbella paid personal injury protection benefits pursuant to Bostrum’s automobile policy in the amounts of $150.00 for an emergency room bill and $1,850.00 for some of McGovern’s bills, for a total of $2,000.00. Once this $2,000.00 amount was paid out, Arbella considered its obligations under the PIP coverage of Bostrum’s policy satisfied because of her health insurance. However, Bostrum had also purchased from Arbella the optional medical coverage (in the amount of $5,000.00) which all automobile insurers are required to offer pursuant to G.Lc. 175, §108. McGovern argues that it is entitled to bring this action as an “unpaid party” under G.Lc. 90, §34M because of Arbella’s failure to make timely payment of the remainder of its bills under Bostrum’s G.L.c. 175, §113C optional medical coverage[1]; and that if judgment is entered in its favor, it is entitled to recover costs and attorney’s fees from Arbella.
The issue raised by Arbella’s summary judgment motion requires an interpretation of the fourth paragraph of G.L.c. 90, §34M. That paragraph states, in relevant part
Personal injury protection benefits... shall be due and payable as loss accrues,... With respect to such benefits and to [the optional] medical coverage contained in [G.L.c. 175, §113C], no insurer shall refuse to pay a bill for medical services ... if such refusal is based solely on a medical review of the bill or of the medical services underlying the bill, which review was requested or conducted by the insurer, unless the insurer has submitted, for medical review, such bill or claim to at least one practitioner registered or licensed [in the same field] as the practitioner who submitted the bill for medical services. In any case where benefits due and payable remain unpaid for more than thirty days, any unpaid party shall be deemed a party to a contract with the insurer responsible for payment and shall therefore have a right to commence an action in contract... If the unpaid party recovers a judgment for any amount due and payable by the insurer, the court shall assess against the insurer in addition thereto costs and reasonable attorney’s fees.
In this case, McGovern is claiming that Arbella’s refusal to pay all the bills submitted under the optional medical coverage entitles it to attorney’s fees under G.L.c. 90, §34M. Stated alternatively, because optional medical coverage is referred to in the fourth paragraph of §34M, payments under that coverage are considered “benefits” along with PIP benefits.
*156 There is no question that where, as in this case, the insured party has health insurance which would cover the bills submitted, the PIP carrier is responsible only for the insured’s initial $2,000.00 of medical expenses. Dominguez v. Liberty Mut. Ins. Co., 429 Mass. 112, 114 (1999); Creswell v. Medical West Community Health Plan, Inc., 419 Mass. 327, 332 (1995).[2] Thus Arbella’s payment of the $2,000.00 fulfilled its obligation with respect to its PIP coverage. Despite the isolated reference to the optional medical coverage in the fourth paragraph of §34M, we conclude that any failure to pay bills submitted under that coverage does not make the health care provider an “unpaid party” under §34M who would be entitled to costs and attorney’s fees under that statute.
“When the meaning of a statute is broughtinto question, acourtproperly should read other sections and should construe them together,... so as to constitute an harmonious whole consistent with the legislative purpose.” Pentucket Manor Chronic Hosp., Inc. v. Rate Setting Commission, 394 Mass. 233, 240 (1985). See also EMC Corp. v. Commissioner of Revenue, 433 Mass. 568, 574 (2001); First Nat'l Bank, Boston v. Bernier, 50 Mass. App. Ct. 756, 759 (2001). The first paragraph of G.Lc. 90, §34M speaks of the “benefits due and payable” under §34A “providing personal injury protection benefits, and any benefits due any person entitled to make claim under the assigned claims plan” pursuant to §34N. Section 34A, in turn, refers only to the maximum $8,000.00 PIP coverage (only $2,000.00 of which is available for medical bills if the insured has health insurance covering all such bills), but makes no reference to the optional medical coverage. Moreover, both the claim procedure set forth in the third paragraph of §34M and the introductory sentence of the fourth paragraph refer only to PIP benefits and benefits under §34N. When the isolated reference to the optional medical coverage is made in the second sentence of the fourth paragraph, a clear distinction is made between that coverage and benefits either under PIP or due from an assigned insurer. (“With respect to such benefits, and to medical coverage contained in [G.Lc. 175, §113C]....") The rest of the paragraph, which deals with court actions to recover unpaid amounts, speaks only of benefits and not medical coverage. It would appear then that when the Legislature added the second sentence in 1989, see St 1989, c. 271, and injected the optional medical coverage into the fourth paragraph, it took pains to differentiate such coverage from PIP and not to refer to payments under that coverage as “benefits.” Finally, optional medical coverage is described in G.Lc. 175, §113C as optional “additional coverage, beyond that required by” §34A In this context we conclude that the Legislature was simply taking the opportunity in the fourth paragraph of §34M to apply the requirement of a medical review to optional medical coverage, and no more.
Accordingly, we answer the question framed by the trial judge in the negative; i.e., McGovern is not considered an “unpaid party” for purposes of bringing suit under G.L.c. 90, §34M. That being the case, Arbella’s motion for summary judgment should have been allowed. This case is returned to the Chelsea District Court for further proceedings consistent with this opinion.
So ordered.

 McGovern states in its opposition to Arbella’s summary judgment motion that the total cost of McGovern’s medical treatment of Bostrum was $7,020.00, and that the balance owed at the time of suit was $916.32. It would appear that in addition to the $1,850.00 in PIP payments, Arbella made additional payments to McGovern under Bostrum’s optional insurance coverage.

 As the Supreme Judicial Court ruled in Creswell, “Where an injured party has health insurance, the automobile insurer should be responsible for the initial $2,000 of medical expenses, with the remaining $6,000 in PIP benefits to be borne by the automobile insurer in the form of lost wages, replacement services, and additional medical expenses not covered by the health insurer. This interpretation provides the greatest coverage for the insured and gives the insured the true benefit of his or her bargain.” Id. at 332.