Williams, PJ.
During a lobby conference with counsel on the day of trial, the judge discerned no triable issue. She eschewed an unnecessary trial and entered judgment for the plaintiff, Michael P. McKeown (“McKeown”), against the defendant, Commerce Insurance Company (“Commerce”), on that part of McKeown’s claim that Commerce owed him $10,000.00 in medical-payment (“medpay”) proceeds from two automobile-liability policies.[1] Commerce now claims that because it had paid the maximum allowable benefits by the time of trial, the judgment against it was entered in error. We agree, and reverse the judgment except to the extent it awards interest.
McKeown was seriously injured in a Brockton motor vehicle accident on April 3,2004. He lived with his parents, each of whom held a Commerce automobile insurance policy — his mother for one car, and his father for two vehicles. Within weeks of the accident, McKeown’s counsel claimed the $5,000.00 medpay from each of the two policies.
Commerce paid the $5,000.00 medpay on McKeown’s mother’s policy. It did not, however, immediately pay the $5,000.00 available under his father’s policy.
McKeown brought this suit against Commerce in March, 2005, acknowledging the $5,000.00 payment, but claiming an additional $10,000.00 on the theory that he qualified for coverage under each of the three insured vehicles on the two policies, for a total of $15,000.00. That stance was erroneous, as was Commerce’s position that it owed only one $5,000.00 payment.
Commerce paid the second $5,000.00 on April 15, 2005, about two weeks after it had been served with process in this action, and six days before its answer was filed. Commerce asserted in a counterclaim that it had paid McKeown $10,000.00 and that *31 no farther medpay payment was owed and, in essence, sought a declaratory judgment to that effect. Commerce did not test that position with a dispositive motion.
On the day of trial, January 23, 2007, the judge held an off-the-record lobby conference. Thereafter, on the record, she stated, in essence, that although McKeown had been paid, he was entitled to a judgment anyway. Commerce’s counsel expressed no opposition to that decision, but, “for the record,” filed a motion for involuntary dismissal pursuant to Mass. R. Civ. R, Rule 41(b) (2), even though there had been no bench trial. See Avalon Oaks v. King, 2007 Mass. App. Div. 174, 174-175. Judgment entered in favor of McKeown in the amount of $6,401.33, with an order notation that read, in part: “Defendant’s answer concedes liability for $5,000.00 Med Pay owed. Therefore, plaintiff is entitled to judgment as a matter of law....” The judgment amount over $5,000.00 represented interest and costs.
The entry of a judgment for $5,000.00 beyond that to which McKeown was ever entitled was in error. We are left with the definite and firm conviction that a mistake has been committed. See, e.g., Architect v. Frey, 2007 Mass. App. Div. 151 and cases cited (regarding review of trial judge’s findings of fact). McKeown’s position was, and remains, that Commerce’s failure to pay timely the “second” $5,000.00 constituted a breach of contract. The apparent purpose of entering the judgment against Commerce was to provide McKeown with interest to compensate him for the time he was without that money.[2] Indeed, as counsel agreed at oral argument on this appeal, McKeown is entitled to the loss of use of the “second” $5,000.00 for the period of time between when he should have received it and when he actually did so. See Clegg v. Butler, 424 Mass. 413, 425 (1997). See also Murphy v. National Union Fire Ins. Co., 438 Mass. 529, 532 (2003); Fero v. Harte Toyota, Inc., 2000 Mass. App. Div. 332, 335. But though McKeown is entitled to that interest, he is not entitled to a judgment for the $5,000.00 on which that interest is based.
Both parties’ briefs touched on the issue of whether Commerce’s late payment of the second $5,000.00 constituted a violation of G.L.c. 176D and, thus, G.L.c. 93A. However, a claim that Commerce had unfairly settled McKeown’s insurance claim was neither alleged, nor otherwise raised below, and we do not address it here.
We vacate the trial court’s judgment, and order that judgment be entered in favor of McKeown in the amount of the interest, calculated at 12% per annum, G.L.c. 231, §6B, on $5,000.00 from the date the “first” $5,000.00 was paid to the date that the “second” $5,000.00 was paid. Although the record before us contains that second date (April 15,2005), it does not supply the date of the first check, which date is to be furnished to the Brockton District Court by agreement of counsel for both parties.
So ordered.

 Unlike “personal injury protection” (“PIP”) coverage, medpay is an optional coverage that “provides a meaningful optional benefit for some consumers because it covers treatment which would not otherwise be covered by health insurance or PIP”; medpay terms are not statutorily prescribed. Mejia v. American Cas. Co., 55 Mass. App. Ct. 461, 466 n.6 (2002). See also McGovern Physical Therapy Assocs. v. Arbella Mut. Ins. Co., 2002 Mass. App. Div. 154, 156.

 The judge stated: “I know that judgment has been satisfied, but they are entitled to a judgment in plaintiff’s favor on their claim. So that will be the entry that will be made today. So, judgment for the plaintiff. It has been satisfied, but they are entitled to interest on that judgment.”