APPEALS COURT 
 
 FARIA J. SIMMONS vs. NICOLE M. CHACE

 
 Docket:
 23-P-644
 
 
 Dates:
 April 1, 2024 – May 16, 2025
 
 
 Present:
 Henry, Hershfang, & Smyth, JJ.
 
 
 County:
 Norfolk
 

 
 Keywords:
 Insurance, Motor vehicle personal injury protection benefits. Negligence, Motor vehicle. Damages, Interest, Tort. Interest. Judgment, Interest. Evidence, Insurance. Practice, Civil, Motion in limine, Special verdict, Instructions to jury.
 
 

      Civil action commenced in the Superior Court Department on May 10, 2019. 
     The case was tried before Janet L. Sanders, J. 
Lawrence P. Almagno, Jr., for the plaintiff.
Gregory M. Noble for the defendant.
     SMYTH, J.  The principal issue presented in this appeal is whether, under G. L. c. 231, § 6B, prejudgment interest for compensatory damages should be calculated on a jury's award prior or subsequent to the deduction of "personal injury protection" (PIP) benefits paid to the plaintiff pursuant to Massachusetts's no-fault automobile insurance scheme.  See G. L. c. 90, §§ 34A, 34M.  A jury awarded the plaintiff, Faria J. Simmons, damages for the harm she suffered as a result of an automobile accident caused by the defendant, Nicole M. Chace.  The plaintiff appealed and argues that the judge erred by ordering calculation of prejudgment interest only on the portion of the award not offset by PIP benefits.  The plaintiff also contends that the judge erred by allowing the defendant's motion in limine to exclude evidence of insurance coverage and by adopting the defendant's proffered special verdict slip.
     We conclude that the judge did not err in deducting the amount of the PIP benefits from the jury's award before ordering the clerk to calculate interest under G. L. c. 231, § 6B.  General Laws c. 231, § 6B, does not apply to the portion of the jury's award constituting PIP benefits because those benefits are not "damages in tort actions" but a creature of contract between the insured and automobile insurer, "granted in lieu of damages otherwise recoverable by the insured person or persons in tort."  G. L. c. 90, § 34M, first par.  Furthermore, assessing prejudgment interest on an award for damages before the award is reduced by PIP benefits would run counter to the express provision in G. L. c. 90, § 34M, second par., that individuals who would otherwise be responsible for damages are exempt from tort liability to the extent PIP benefits apply.
     Given our conclusion, and because we discern no other errors by the judge, we affirm.
     Background.  The plaintiff brought the underlying tort claim in the Superior Court against the defendant for injuries she suffered from a car accident that occurred in Brockton on November 20, 2017.  The defendant conceded that her negligent operation had caused injury to the plaintiff, and the sole issue in dispute at trial was the amount of damages that were causally related to the accident.
     The parties stipulated that the plaintiff had incurred $4,104.14 in medical bills but disputed the amount of damages owed for pain and suffering.  The defendant sought to limit the damages award to the stipulated medical bills, whereas the plaintiff sought an additional $14,396.  The jury returned a judgment for the plaintiff in the sum of $6,301.14.
     The parties agreed that the award should be reduced by the amount of $3,963.11 for PIP benefits that the plaintiff had previously received from her insurer as reimbursement for expenses she incurred from the accident.[1]  However, the plaintiff requested that the prejudgment interest be calculated on the gross jury award of $6,301.14.  The defendant, on the other hand, asked that the interest be calculated on the net amount of the verdict, that is, the award minus the PIP benefits amount.  The judge ordered prejudgment interest to be calculated on the net award.  Accordingly, prejudgment interest was calculated only on the sum of $2,338.03.
     Discussion.  1.  Prejudgment interest.  We review de novo the judge's denial of the plaintiff's motion to calculate interest on the jury's award before deducting the PIP benefits.  See Trace Constr., Inc. v. Dana Barros Sports Complex, LLC, 459 Mass. 346, 351 (2011).
     Under the common law of torts, a party injured by another's wrongdoing or negligence accrues a right to be made whole and compensated by the tortfeasor for the harm suffered.  See Governo Law Firm LLC v. Bergeron, 487 Mass. 188, 199 (2021) (Governo), citing Smith v. Massachusetts Bay Transp. Auth., 462 Mass. 370, 375 (2012).  "There almost always is a delay, however, between the time of the tortious injury and the resolution of the resulting lawsuit."  Governo, supra.  Such delay causes additional injury to the plaintiff due to the depreciation of the eventual recovery of damages.  Id.  The purpose of prejudgment interest is "to compensate for the delay in the plaintiff's obtaining [her] money."  Bernier v. Boston Edison Co., 380 Mass. 372, 388 (1980).  As such, prejudgment interest is often described as an integral component of compensatory damages.  Smith, supra at 376.
     Accordingly, G. L. c. 231, § 6B, the prejudgment interest statute applicable to tort damages, provides that
"[i]n any action in which a verdict is rendered . . . for pecuniary damages for personal injuries to the plaintiff . . . there shall be added by the clerk of court to the amount of damages interest thereon at the rate of twelve per cent per annum from the date of commencement of the action . . . ."
     Although G. L. c. 231, § 6B, is silent as to the definition of damages, the Supreme Judicial Court has defined damages as "the money payable by a tortfeasor who is liable for injuries caused by [her] tortious act" (citation omitted).  Meyers v. Bay State Health Care, Inc., 414 Mass. 727, 730 (1993).  However, the compensatory purpose of G. L. c. 231, § 6B, does not apply to all forms of monetary relief awarded to a damaged party.  See McEvoy Travel Bur., Inc. v. Norton Co., 408 Mass. 704, 717 (1990) ("'The multiple damage[s] provisions of [G. L.] c. 93A are designed to impose a penalty' . . . .  To add prejudgment interest to these penal damages . . . would violate the purpose of G. L. c. 231, § 6B"); Conway v. Electro Switch Corp., 402 Mass. 385, 391 (1988) (prejudgment interest does not apply to damages award for future earnings and benefits because plaintiff has not lost use of such money prior to judgment).  See also Governo, 487 Mass. at 199 ("restitutionary recoveries are . . . distinct from damages [under G. L. c. 231, § 6H], which measures compensation for loss rather than disgorgement of the defendant's gain" [quotation and citation omitted]).
     General Laws c. 90, § 34M, provides one such example of a monetary source provided to a party injured by a tortious act -- a car accident occurring in the Commonwealth -- that falls outside the scope of G. L. c. 231, § 6B.  In contrast to the role G. L. c. 231, § 6B, plays as an integral compensatory component of damages in the tort framework, the purpose of G. L. c. 90, § 34M, is to create an alternative to tort.  Specifically, G. L. c. 90, § 34M, requires Massachusetts car insurance policies to provide PIP benefits
"as a form of no-fault automobile insurance . . . in order 'to reduce the number of small motor vehicle tort cases being entered in the courts of the Commonwealth, to provide a prompt, inexpensive means of reimbursing claimants for out-of-pocket expenses, and to address the high cost of motor vehicle insurance in the Commonwealth'" (citation omitted).
Creswell v. Medical W. Community Health Plan, Inc., 419 Mass. 327, 328–329 (1995).  The Supreme Judicial Court has described PIP benefits as the key feature of the no-fault automobile insurance scheme because they provide payment for medical and other designated expenses[2] by the insurer to the insured, regardless of whether the insured was at fault in causing the accident that resulted in the bodily injury.  See Chipman v. Massachusetts Bay Transp. Auth., 366 Mass. 253, 256–257 (1974).  See also G. L. c. 90, § 34A (PIP benefits provided to insured "without regard to negligence or gross negligence or fault of any kind").  An insurer is obligated to pay PIP benefits within thirty days of "receipt of reasonable proof of the fact and amount of expenses and loss incurred."  G. L. c. 90, § 34M, fourth par.
     To effectuate its purpose, the express language of G. L. c. 90, § 34M, removes PIP benefits from the scope of compensatory damages contemplated by G. L. c. 231, § 6B, by providing that PIP benefits "are granted in lieu of damages otherwise recoverable by the injured person or persons in tort as a result of an accident occurring within [Massachusetts]."  G. L. c. 90, § 34M, first par.  Instead, PIP benefits are paid pursuant to a contract between the insured, who pays premiums for the benefits, and the insurer, who bears the obligation of paying the benefits when due.[3]  See Creswell, 419 Mass. at 331.  Accordingly, G. L. c. 231, § 6B, does not apply to PIP benefits.  See Creswell, supra (PIP benefits are contractual obligations, not damages subject to G. L. c. 111, § 70A [statutory lien for damages provided to health maintenance organizations]); Meyers, 414 Mass. at 729–730 (benefits resulting from underinsurance policies are contractual obligations, not damages subject to G. L. c. 111, § 70A); Wincek v. West Springfield, 399 Mass. 700, 703 (1987) ("A payment made in performance of a contractual obligation is not a payment of 'damages'" [citation omitted]).  Thus, the judge was correct in deducting the PIP benefits amount from the jury's award before calculating prejudgment interest.
     Our conclusion that PIP benefits are not subject to prejudgment interest under G. L. c. 231, § 6B, is bolstered by the language of G. L. c. 90, § 34M, which specifically exempts tortfeasors from tort liability to the extent that the injured party is entitled to receive PIP benefits.[4]  Stated differently, "the accident victim loses [her] right to recover in tort to the extent [she] is eligible for [PIP] benefits."  Pinnick v. Cleary, 360 Mass. 1, 8 (1971).
     In reaching our conclusion that neither G. L. c. 231, § 6B, nor G. L. c. 90, § 34M, provides for interest to be assessed on PIP benefits, we reject the plaintiff's assertion that our case law has long held that prejudgment interest applies to the entire jury award, regardless of the source or components of the award.  The case law on which the plaintiff relies relates only to the assessment of interest on the entirety of a compensatory damages award after the award has been either bifurcated or apportioned; the authority does not extend to noncompensatory pecuniary payments that may be included in a damages award.  Cf. Boston Edison Co. v. Tritsch, 370 Mass. 260, 263-264 (1976) (interest should be calculated on entire amount of jury verdict for compensatory damages before deducting any payments for damages made pursuant to settlement agreement); Harvey v. Essex Bancorp, Inc., 25 Mass. App. Ct. 323, 326 (1988) (interest should be calculated on entire amount of verdict for compensatory damages before deducting settlement received from second tortfeasor who settled prior to trial).
     2.  Motion to exclude evidence of insurance coverage.  The plaintiff contends that the judge erred by allowing, over her objection, the defendant's motion in limine to exclude any "mention of insurance" coverage to the jury because it prevented her from presenting evidence of the face amount of her medical bills.  We are not persuaded.
     A judge's decision to admit or exclude evidence is reviewed for an abuse of discretion.  See Zucco v. Kane, 439 Mass. 503, 507 (2003).  "[A] judge's discretionary decision constitutes an abuse of discretion where we conclude the judge made a clear error of judgment in weighing the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives" (quotation and citation omitted).  L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).
     We first note that the plaintiff did not specifically object to the exclusion of any reference to insurance coverage.  Instead, the plaintiff, in her "Memorandum in Support of Plaintiff's Objection" to the motion in limine, merely summarized the reasons our courts have provided when excluding reference to insurance before concluding, "to the extent that the Court grants Defendant's motion in limine, the Court should also confirm that Plaintiff is entitled to introduce the 'face amount' of her bills."  We disagree with the plaintiff that the judge, by allowing the defendant's motion in limine with a margin endorsement of "allowed," implicitly precluded the plaintiff from seeking to introduce the "face amount" of the bills without reference to insurance coverage.  There is no indication in the record on appeal that the plaintiff ever sought to introduce the face amount of the medical bills.  To the contrary, the plaintiff expressly stated that she was content with the medical record exhibits before they were submitted to the jury.  Furthermore, the parties stipulated to the amount of the medical bills for treatment of the plaintiff's injuries sustained in the accident.
     Accordingly, the plaintiff's claim that the judge prevented her from introducing the face amount of the medical bills is waived.  Palmer v. Murphy, 42 Mass. App. Ct. 334, 338 (1997) ("Objections, issues, or claims -- however meritorious -- that have not been raised at the trial level are deemed generally to have been waived on appeal").  Because this claim "fits none of the usual exceptions to the general rule that claims not raised below are waived on appeal," id. at 338-339, we need not address it other than to say that allowing the motion was well within the judge's discretion.  Mentions of insurance coverage are not usually probative of "any relevant proposition," yet can be prejudicial when heard by the jury; therefore, "minimizing or excluding reference to [insurance] during trial . . . [is considered to] be a sound course."  Goldstein v. Gontarz, 364 Mass. 800, 808, 812-814 (1974).  The judge's ruling did not prohibit the plaintiff from introducing the evidence for a permissible purpose.  See Mass. G. Evid. § 411 (2024) ("Evidence that a person or entity was or was not insured against liability is . . ." admissible to prove bias, agency, ownership, or control).
     3.  Special verdict slip.  The plaintiff also argues that the judge erred by adopting the defendant's special verdict slip, which asked:  "What amount of money would fairly and adequately compensate the plaintiff for the injuries she suffered as a result of the November 20, 2017 accident?"  As a result, the plaintiff contends that the verdict does not properly delineate whether the jury's allocation for the medical bills reflected a reduction for insurance payments.  The plaintiff also contends that the judge erroneously instructed the jury to "add [pain and suffering damages and medical bills] up."[5]
     In support of these claims of error, the plaintiff states that she submitted a verdict slip that distinguished between damages awarded for medical bills and general damages for pain and suffering, and further that she objected to the verdict slip the judge submitted to the jury.  We are unable to assess these claims, however, as the plaintiff did not include any proposed verdict slip or proof of her objection in her appendix.  See Mass. R. A. P. 18 (a) and (b) (4), as appearing in 481 Mass. 1637 (2019).  See also Shawmut Community Bank, N.A. v. Zagami, 411 Mass. 807, 811-812 (1992), S.C., 419 Mass. 220 (1994) ("[R]eview of the transcript is necessary to determine whether the arguments raised on appeal are first, correct, and second, properly preserved").
     In fact, the plaintiff affirmatively stated that she was content with both the special verdict slip submitted to the jury and the judge's jury instructions.  She cannot now take the opposite position.  See Muzzy v. Cahillane Motors, Inc., 434 Mass. 409, 416-417 (2001) (on appeal, plaintiff could not add objection to, or argue prejudicial error from, jury instructions she agreed to at trial).  Thus, she has waived these issues.  See Palmer, 42 Mass. App. Ct. at 338-339.
Judgment affirmed.
footnotes

     [1] Although the record does not reflect when the plaintiff received her PIP benefits payment, the plaintiff does not contend that her PIP benefits were not timely paid by her insurer.  As discussed infra, PIP benefits must be paid by an insurer within thirty days of receipt of an injured party's valid request for reimbursement.  G. L. c. 90, § 34M, fourth par.
     [2] Under G. L. c. 90 § 34A, PIP benefits must include
"payment to the named insured . . . of all reasonable expenses incurred within two years from the date of accident for necessary medical, surgical, x-ray, and dental services, . . . and in the case of persons employed or self-employed at the time of an accident of any amounts actually lost by reason of inability to work and earn wages or salary or their equivalent."
     [3] Other contractual duties arise if there is a dispute between the injured party and the insurer concerning nonpayment of benefits; G. L. c. 90, § 34M, fourth par., provides that
"[i]n any case where benefits due and payable remain unpaid for more than thirty days, any unpaid party shall be deemed a party to a contract with the insurer responsible for payment and shall therefore have a right to commence an action in contract for payment of amounts therein determined to be due in accordance with the provisions of this chapter."
     [4] General Laws c. 90,§ 34M, second par., provides that
"[e]very owner, registrant, operator or occupant of a motor vehicle to which personal injury protection benefits apply who would otherwise be liable in tort . . . is hereby made exempt from tort liability for damages because of bodily injury, sickness, disease or death arising out of the ownership, operation, maintenance or use of such motor vehicle to the extent that the injured party is . . . entitled to recover under those provisions of a motor vehicle liability policy or bond that provide personal injury protection benefits . . ." (emphasis added).
     [5] In her final charge to the jury, the judge, in summary and as relevant here, explained the definitions of physical and mental pain and suffering; instructed the jury that the medical bills had been stipulated to; and further instructed the jury to "award an amount sufficient to compensate the Plaintiff for the injuries or harm she suffered."  The judge explained that the jury should come up with a total amount of damages "for each category" and then "add those up and come up with a total award" to write on the special verdict slip.